Filed 1/11/22 P. v. Ortega CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G060069 |
| v. | (Super. Ct. No. 16NF1172) |
| DAVID STEVEN ORTEGA, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Richard M. King, Judge. Affirmed.

Edward J. Haggerty, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina, Vincent P. LaPietra and Tami Falkenstein Hennick, Deputy Attorneys General, for Plaintiff and Respondent.

Appellant David Steven Ortega contends the trial court erroneously denied his petition to vacate his murder conviction and be resentenced under Penal Code section 1170.95. [1] However, because the jury found appellant either personally killed the victim with malice, or he directly aided and abetted the killing with such intent, he is ineligible for resentencing relief as a matter of law. We therefore affirm the trial court's denial order.

## FACTUAL AND PROCEDURAL BACKGROUND

On July 19, 2015, David Douglas and John Anderson confronted appellant and his fellow gang member Edgar Ramirez for spray painting gang graffiti in their neighborhood. Nothing came of this initial encounter, but after the two groups parted ways, Ramirez and appellant recruited several other members of their gang to get back at Douglas and Anderson for daring to confront them. The retaliation was swift and deadly. Although Ramirez did not partake in it, appellant and the new recruits ambushed Douglas and Anderson while they were sitting in an SUV. During the attack, appellant and at least one of his cohorts fired into the vehicle, killing Douglas and seriously wounding Anderson.

Appellant and Ramirez were jointly tried. In closing argument, the prosecutor contended appellant was guilty of first degree premeditated murder and attempted premeditated murder because he either personally shot the victims with the premeditated intent to kill, or he directly aided and abetted the shooting with such intent. As for Ramirez, the prosecutor argued he was guilty of second degree murder for recruiting his fellow gang members to carry out the attack, and he was guilty of attempted murder because that offense was a natural and probable consequence of the targeted crime of assault with a deadly weapon.

---

[1] All further statutory references are to the Penal Code.

2

The jury was unable to reach a verdict as to Ramirez. However, it convicted appellant as charged and found true a special circumstance allegation the murder was committed to further the activities of his gang. (§§ 187, subd. (a), 189, subd. (a), 190.2, subd. (a)(22).) In addition, the jury found appellant personally used a firearm (§ 12022.53, subd. (b)), vicariously discharged a firearm causing death or great bodily injury (§ 12022.53, subds. (d), (e)), and acted for the benefit of his gang (§ 186.22, subd. (b)). The trial court sentenced appellant to life in prison without parole, plus multiple indeterminate life terms, for his crimes.

With respect to the underlying trial, one other procedural issue bears mentioning. Originally, appellant was also charged with personally discharging a firearm causing death or great bodily injury under section 12022.53, subdivision (d). However, the prosecution dismissed this allegation before trial, thinking it was duplicative of the other firearm allegations. Thus, while the jury found appellant personally used a firearm during the murder, which includes the act of displaying a gun in a menacing fashion, it was not required to determine whether he actually fired the shots that killed Douglas and wounded Anderson.

After we affirmed the judgment on appeal, appellant petitioned for resentencing relief pursuant to section 1170.95, and the trial court appointed him counsel. However, the court ultimately determined appellant was ineligible for resentencing because, according to the record of conviction, he was not convicted of murder under the felony murder rule or the natural and probable consequences doctrine. Therefore, it denied his petition for failure to state a prima facie case for relief.

## DISCUSSION

Appellant contends the trial court erred in relying on the record of conviction to deny his petition. However, after briefing in this case was complete, the California Supreme Court ruled trial courts may consider the record of conviction in determining whether a defendant is eligible for resentencing under section 1170.95.

3

(*People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*).) The Supreme Court determined "[t]his is consistent with the statute's overall purpose: to ensure that murder culpability is commensurate with a person's actions, while also ensuring that clearly meritless petitions can be efficiently addressed as part of a single-step prima facie review process. [Citation.]" (*Id*. at p. 971.)

In discussing section 1170.95, *Lewis* also made clear that resentencing is permitted under that section only if the defendant was convicted of murder under the felony murder rule or the natural and probable consequences doctrine. (*Lewis, supra*, 11 Cal.5th at pp. 959-960.) So, if the record of conviction shows otherwise, the defendant is not eligible for resentencing relief. (*Id*. at p. 972.)

As explained above, appellant was prosecuted for murder on the theory he either shot Douglas with the premeditated intent to kill, or he directly aided and abetted the shooting with such intent. The prosecutor did not rely on the felony murder rule or the natural and probable consequences theory of aiding and abetting in securing appellant's murder conviction. However, the prosecutor did rely on that theory in arguing codefendant Ramirez's guilt on the attempted murder charge, and the jury was instructed it could find Ramirez guilty of that offense if it was a natural and probable consequence of the targeted crime of assault with a deadly weapon. The jury was also instructed "all instructions apply to *each* defendant."  (Italics added.)

In his reply brief, appellant makes a cursory argument based on the italicized word "each." Even though only Ramirez was named in the instruction on the natural and probable consequences theory of liability, appellant claims the jury could have reasonably construed the instruction as applying to both him and Ramirez, since it was told all instructions applied to each defendant.

There are two flaws in this argument. First, the natural and probable consequences theory was limited to the crime of *attempted* murder. The prosecutor did not argue that theory with respect to murder, nor was the jury instructed that theory

4

applied to murder. Therefore, that theory does not assist appellant in his effort to vacate his conviction for murder.

Second, although the jury was instructed that all the instructions applied to each defendant, it was also told to separately consider the evidence as to each defendant and to decide each charge for each defendant separately. (CALCRIM No. 203.) The jurors were also instructed some of the instructions they were given may not apply, depending on how they interpreted the evidence. (CALCRIM No. 200.) These instructions alerted the jury to the possibility that some of the instructions may only apply to one defendant and not the other.

This was also made clear by other aspects of the case. As noted, the instruction explaining the natural and probable consequences theory of aiding and abetting mentioned Ramirez by name, but it did not mention appellant. In addition, during his closing argument, the prosecutor tailored that theory specifically to Ramirez; he did not argue it applied to appellant. Instead, he argued appellant was guilty as either a perpetrator or a direct aider and abettor. And we know the jury found that argument convincing because in finding the gang special circumstance allegation true, it necessarily determined appellant either intentionally killed Douglas himself, or he aided and abetted the killing with the intent to kill. (See CALCRIM Nos. 702 & 736.)

On this record, it is readily apparent the jury determined appellant was guilty of murder either because he was the actual killer, or he directly aided and abetted the deadly shooting. Because appellant's murder conviction did not rest on the felony murder rule or the natural and probable consequences theory of aiding and abetting, the trial court properly denied his petition for relief.

5

DISPOSITION

The order denying appellant's petition for resentencing under section 1170.95 is affirmed.


BEDSWORTH, J.

WE CONCUR:


O'LEARY, P. J.


ZELON, J.*


*Retired Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.